Richard S. Ralston, Bar # 491831
WEINSTEIN & RILEY, PS
2001 Western Avenue, Suite 400
Seattle, WA 98121
Ph. 206-269-3490
Fax 206-269-3493
richardr@w-legal.com
Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA AT WASHINGTON, D.C

| | |
|---|---|
| IN RE:<br><br>Ana Evelyn Orellana,<br><br>Debtor, | Chapter 7<br><br>Case No. 08-00713 |
| FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.),<br><br>Plaintiff,<br><br>v.<br><br>Ana Evelyn Orellana,<br><br>Defendant. | Adversary No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT: U.S.C. § 523(a)(2)(A) |

**NOTICE: this is a Complaint alleging that the Defendant has committed fraud against the Plaintiff in connection with the use of a credit account. The Defendant is strongly urged to review it with an attorney. The Defendant may qualify for free or low cost legal assistance. Please contact the State Bar Association for information.**

Plaintiff alleges:

I. PARTIES AND JURISDICTION

1. This adversary proceeding is brought under U.S.C. §523(a)(2)(A).

1- COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

40556471

2. Plaintiff, a foreign corporation licensed to do business in the State of Washington, D.C with all licenses paid, and otherwise is entitled to bring this action, is a creditor in this case.

3. Defendant filed a Chapter 7 bankruptcy petition on 10/30/2008.

4. The Court has jurisdiction under 28 U.S.C. §§157 and 1334, and 11 U.S.C. §523.

5. This is a core proceeding.

## II. CAUSE OF ACTION

6. Defendant entered into a written contract with Plaintiff for an open end consumer credit card plan under Account No. XXXXXXXXXXXXXXXXX1345 ("Account").

7. As of the petition date, Defendant owed $13,114.68 on the Account.

8. Between 07/03/2008 and 09/05/2008, the Defendant incurred $2,047.00 in retail charges on the Account (Charges). Between 07/03/2008 and 09/05/2008, the Defendant incurred $6,200.00 in cash advances and/or convenience check charges on the Account (Charges). [*See* Transaction History, attached as Exhibit A.]

9. The totality of the circumstances when the Charges were incurred shows that Defendant did not intend to repay the Charges:

    9.1 the Charges were incurred near the date of the bankruptcy filing;

    9.2 the Defendant was in poor financial condition;

    9.3 the Defendant was unemployed;

    9.4 the payments on the Account stopped;

    9.5 the amount charged is high;

    9.6 there are numerous charges in a short period of time;

    9.7 multiple Charges were incurred on the same day;

  9.8 bankruptcy counseling was sought on or about August 18, 2008, yet charges continued through august 29, 2008;

  9.9 charges may have been made for luxury goods and/or services as shown by charge made to the Apple Store;

  9.10 based on the monthly income, monthly living expenses, and circumstances disclosed in the Schedules and Statement of Financial Affairs, no disposable income was available to pay the minimum monthly requirement on unsecured debt;

  9.11 the minimum monthly payment on the $111,200 of scheduled unsecured debt (based on a required minimum monthly payment on each account of 2% - 3%) exceeded $3,336 per month before the petition was filed;

  9.12 the Statement of Financial Affairs indicates that no losses from fire, theft, or gambling were incurred for the one year before the petition was filed.

  9.13 Schedule F does not disclose the dates when unsecured debts were incurred;

  9.14 other unsecured credit was also utilized; and,

  9.15 there were not sufficient liquid assets that could have been used to service unsecured debt.

10. Charges were incurred when Defendant could not pay existing financial obligations as they became due.

11. By incurring the Charges on the Account, Defendant represented an intention to repay them.

12. Defendant obtained money from the Plaintiff through fraud and false pretenses,

3- COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

40556471

1  false representations and/or actual fraud.

2  13. Defendant had a specific intent to defraud Plaintiff by accepting the benefits of

3  the charges without intending to repay them.

4  14. Defendant's actions constitute material misrepresentations of the facts.

5  15. Defendant intended for Plaintiff to rely on those misrepresentations.

6  16. Plaintiff justifiably relied on Defendant's misrepresentations which induced it to

7  lend money to Defendant.

8  17. The Charges were incurred for consumer debt.

9  18. Defendant's conduct has damaged Plaintiff in the amount of $8,247.00.

10  19. Defendant should be denied a discharge of Plaintiff's claim in the amount of

11  $8,247.00.

12  III. PRAYER FOR RELIEF

13  WHEREFORE, Plaintiff prays for:

14  1. A monetary judgment in the amount of $8,247.00, including accrued interest to

15  the petition filing date, plus contract rate interest to date of judgment, to continue to

16  accrue post-judgment;

17  2. An Order of nondischargeability under 11 U.S.C. § 523 (a)(2)(A);

18  3. An award of reasonable attorney fees and costs; and

19  ///

20  ///

21  ///

22  ///

23  ///

24

4- COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

40556471

4. Additional relief as may be just and equitable.

DATED: _____2/12_____, 20_09_

WEINSTEIN & RILEY, P.S.

By_____
Richard S. Ralston, Bar # 491831
2001 Western Avenue, Suite 400
Seattle, WA 98121
Ph. 206-269-3490
Fax 206-269-3493
richardr@w-legal.com
Attorneys for Plaintiff

5- COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

40556471